# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

ALTON D. HOLLIS and LINDA S.      )
HOLLIS,      )
     )
         **Plaintiffs,**      )
     )
         **v.**      )      **Case No. 3:08-0439**
     )      **Judge Echols**
WILSON COUNTY, JAMES LANIER,      )
and STACY SWINDELL,      )
     )
         **Defendants.**      )

## ORDER

This is a civil rights action in which the Court entered an Order and accompanying Memorandum (Docket Entry Nos. 61 & 62) on June 10, 2009, dismissing the federal claims brought by Plaintiffs against the Defendants and declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs have now filed a "Motion to Alter or Amend Summary Judgment" (Docket Entry No. 63) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to which Defendants have filed responses in opposition (Docket Entry Nos. 65 & 66).

"To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Betts v. Costco Wholesale Corp., 2009 WL 537368 at *12 (6th Cir. 2009)(citation omitted). "A motion under Rule 59(e) does not simply provide an opportunity to reargue a case, and it must be supported either by a showing that the district court made an error of law or by newly discovered evidence." Whitehead v. Bowen, 301 Fed. Appx. 484, 489 (6th Cir. 2008). Nor should such a motion be used to "to raise arguments which

1

could, and should, have been made before judgment was issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

In this case, Plaintiffs argue that the Court erred in granting summary judgment on Count One of their Amended Complaint which alleged that Defendant Deputy James Lanier ("Deputy Lanier") of the Wilson County Sheriff's Department violated their Fourth Amendment rights when he walked around their living room and peered into adjacent rooms looking for Plaintiffs' grandson who was the subject of an Order of Protection ("OOP") granted to Marci Hollis. While Deputy Lanier claims that Plaintiff Alton Hollis gave him consent to search for the child, the Court found a factual dispute on that issue. Nevertheless, summary judgment was appropriate because Plaintiffs could show no damages given that Alton Hollis "repeatedly and unwaveringly said [in his deposition] that had he been asked for permission to search his residence, he would have consented." (Docket Entry No. 61 at 12). Plaintiffs now argue this was error because the mere unlawful search constitutes a violation and that, in any event, the Court did not consider the alleged harm to Plaintiff Linda Hollis who was also in the house at the time of Deputy Lanier's search.

As this Court noted in its decision, "[i]n order to recover under Section 1983 for an unreasonable search, a 'plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury[.]' Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994); see, Waters v. City of Morristown, 242 F.3d 353, 361 (6th Cir. 2001)(to recover under Section 1983 for an unlawful search and seizure, a plaintiff must establish injury from the search or seizure)." (Docket Entry No. 61 at 12). In so holding, the Court also observed that "Section 1983 allows for nominal damages which serve as 'a symbolic recognition of harm that may be awarded without proof of actual harm[,]' Pagan v. Village of Glendale, 559 F.3d 477, 478 n.1 (6th Cir. 2009)," but that Plaintiffs made no request for nominal damages in their Amended Complaint, and did not argue that they were

2

seeking or entitled to nominal damages in response to the Motion for Summary Judgment. (Id.).

Likewise, in their Motion to Alter or Amend, Plaintiffs make no claims for nominal damages and

any such request has been waived. As for the alleged harm to Linda Hollis, this is a new argument

and therefore not the proper basis for a Rule 59(e) Motion. Sault Ste. Marie Tribe, 146 F.3d at 374.

In any event, Plaintiffs offer absolutely no proof of any actual, compensable injury to either Plaintiff

and the undisputed record shows that Linda Hollis was asleep when Deputy Hollis made his brief

walk-through of the Plaintiffs' living room.

Plaintiffs next argue that the Court erred in granting summary judgment on their wrongful

arrest claim under Section 1983 against Deputy Lanier and Defendant Wilson County Judicial

Commissioner Stacy Swindell ("Commissioner Swindell"). They argue that the Court "seemed to

accept" that the OOP created some sort of custody right or preference in favor of the mother of the

child, Marci Hollis (Docket Entry No. 64 at 2). The Court made no such finding and reached no

such conclusion. Plaintiffs also claim that Commissioner Swindell "crafted" the facts related to her

by Marci Hollis and Deputy Lanier to support the issuance of an arrest warrant for Alton Hollis. The

problem with this argument, as the Court noted in its ruling on the Motions for Summary Judgment,

is that Marci Hollis signed the affidavit for the arrest warrant and in doing so represented that the

allegations were true, and Commissioner Swindell did not act unilaterally, but, instead, issued a

finding of probable cause based upon what she was told by Marci Hollis and Deputy Lanier.

Commissioner Swindell was and is entitled to summary judgment based upon the facts presented.

Finally, Plaintiffs claim the Court erred in dismissing their municipal liability claim against

Wilson County as set forth in Count IV of the Amended Complaint. In doing so, they argue that

"Commissioner Swindell speaks with final policymaking authority for Defendant Wilson County

in decision-making about the extent of her involvement in the bringing of criminal charges in

3

matters that have been brought to her attention." (Id. at 3).  Again, this is an argument which was not raised previously.  Regardless, it flies in the face of the allegations contained in the Amended Complaint which alleges that Wilson County's custom and policy of not training its sheriff's deputies and judicial commissioners led to the constitutional deprivations.  Further, the "mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable and are not constrained by the official policies of superior officials'" and, in this regard, "'[c]onsideration should . . . be given to whether the employee . . . formulates plans for the implementation of broad goals.'" Miller v. Calhoun County, 408 F.3d 803, 814 (6th Cir. 2005).  Here, Plaintiffs have made absolutely no showing that Commissioner Swindell was responsible, under state law, for formulating and implementing any goals or for establishing final governmental policy for Wilson County.  In any event, Plaintiffs have not established that Commissioner Swindell violated their constitutional rights.       Based upon the foregoing, Plaintiffs' "Motion to Alter or Amend Summary Judgment" (Docket Entry No. 63) is hereby DENIED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4